TINSLEY, Respondent, v. KEMERY et al., Defendants; KEMERY, Appellant.

### St. Louis Court of Appeals, January 24, 1905.

1. **BUILDING CONTRACT: Breach of Contract by Owner.** A building contractor cannot defeat an action on his bond given to secure the owner against liens, on the ground that the owner had violated his contract in making payments to the contractor at the latter's request.

2. ———: **Sureties on Bond.** Sureties on a bond given by a building contractor to secure the owner against liens cannot be held for failure to discharge such liens on the part of the contractor, where the owner, in violation of the contract, made final payment to the contractor without requiring receipts in full for all labor and material furnished.

Appeal from Louisiana Court of Common Pleas.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Matson & May* for appellant.

*Ball & Sparrow* and *Pearson & Pearson* for respondent.

GOODE, J.—This is an action on a bond given by the defendant Kemery to secure the performance of a contract he had entered into with Tinsley, the plaintiff, to construct a dwelling house in the city of Louisiana. The agreed price for the house was $2,218, Kemery undertaking to furnish all material and labor and a bond for the faithful performance of his contract. This bond was executed by him as principal and J. D. Bowman and C. N. Rupert as sureties, in the sum of $2,500, conditioned as follows:

"Whereas, J. W. Kemery has contracted with Walter G. Tinsley, of Louisiana, Missouri, to execute, con-

struct and complete a frame building for the sum of
$2,218 by a contract dated August 18, 1896, hereto an-
nexed, and the condition of this obligation is that if the
said J. W. Kemery shall duly perform said contract and
fulfill all the several stipulations therein provided, and
hold the owner W. G. Tinsley harmless against all per-
sons furnishing labor and materials or other articles
pertaining to the building, directly or indirectly, then
this obligation is to be void and of no effect; otherwise
the same shall remain in full force and effect."

The present action is on that bond and the breach
alleged is that Kemery failed to comply with his con-
tract to furnish and pay for all labor and materials
needed in the construction of the building and that
Tinsley, in consequence, was compelled to pay out
$343.71 for labor and materials above the contract
price. The petition avers a final settlement with Kem-
ery whereby it was agreed between him and Tinsley the
said sum of $343.71 was owed to the latter; the plain-
tiff demanded the sum of defendant and his bondsmen,
but they refused to pay. C. N. Rupert, one of the
sureties on the bond, having died, his executrix, Mary
E. Rupert, was made a defendant. A separate answer
was filed in behalf of the sureties in which, besides a
general denial, they set up six other defenses, to-wit:
First, that the bond was executed by them without any
consideration, long after the contract was signed and
delivered; second, that the work done for the plaintiff
was not done in accordance with the contract between
the plaintiff and Kemery, but materials, work and
labor were furnished under different contracts, plans
and specifications from those referred to in the bond;
third, that Tinsley did not make payments for the work
according to the terms of the contract; fourth that he
did not insure the building as required by the contract;
fifth, that it was part of the contract for the building,
as stated in the specifications, that the owner of the
building and the superintendent of the work should

have the right to make any alterations, additions or changes in the work and materials specified, and shown on the drawings, during the progress of the building, that they should find necessary, and the same should be consented to by the contractor or contractors and carried into effect without vitiating the contract; that the values of all such alterations, additions or omissions should be agreed upon in writing between the said parties before going into execution; that this provision was violated by making various alterations in the plans and specifications and work and material to be done and furnished without agreement between the plaintiff, as owner of the building, and the superintendent, settling the value of the changes before they were made; sixth, that when the bond was signed it was agreed between the plaintiff and sureties that P. H. Baird should have nothing to say concerning the performance of the contract; but notwithstanding said agreement plaintiff permitted Baird to act as superintendent. The issues thus tendered were denied in plaintiff's reply and the trial court found all except the third one, relating to payments for the house, against the defendants.

The answer of Kemery pleaded, firstly, a general denial, secondly, that prior to the execution of the bond he and plaintiff entered into a contract before the construction of the house was begun and that, therefore, the bond was without consideration; thirdly, the defense of lack of consideration stated in a different form; fourthly, that the plaintiff failed to comply with his contract to pay defendant in person the amount of $2,218 as agreed by the contract and at the times agreed therein; fifthly, that the house was not constructed according to the contract, but various changes in the plans and specifications were made with the knowledge and consent and by the direction of the plaintiff; sixthly, that the plaintiff owed the defendant $366.70 for an enumerated list of extra items of work and expense incurred in building the house, not called for in the orig-

inal contract. The contract contains this proviso in regard to payments:

"Second:    The said party of the second part do hereby promise and agree to and with the said party of the first part, that he the said party of the second part will in consideration of the covenants and agreements being strictly executed, kept and performed by the said party of the first part as specified, pay or cause to be paid unto the party of the first part the sum of twenty-two hundred and eighteen dollars lawful money of the United States in manner as follows:

"First payment, ———— dollars when all the frame lumber on the ground and first floor joists are put in proper place.

"Second payment, ———— dollars when roof is put on, not including porches.

"Third payment, ———— dollars when building is enclosed and plastering completed.

"Fourth payment, ———— dollars when all the wood work is completed ready for painting.

"Fifth payment, all the amount remaining unpaid at the entire completion of the building and when receipts in full are furnished for all labor and materials put in or on said building from beginning to finish of said building and when all drawings and specifications shall have been returned to P. H. Baird, superintendent."

Shortly after the action was instituted the court made an order appointing W. H. Morrow referee and directing said referee to find and state an account between the plaintiff and the defendant Kemery and, if any of the items of the account between them were not contracted under the original contract, to show the facts. Pursuant to that order the referee took testimony and made a report that the price called for by the original contract and specifications was $2,218, but the plaintiff had paid the contractor $2,759.50, and the contractor had done work and furnished material not con-

tracted for under the original contract to the amount of
$197.79, the various items of extra work and materials
being specifically stated. Afterwards the circuit court
submitted to a jury the issue of whether the bond had
been signed at the time of the signing of the contract
and denied a jury trial of the other issues of the case,
to which ruling the defendant excepted. On appeal to
the Supreme Court the judgment was reversed on this
ruling and, on the return of the case, both parties hav-
ing waived a jury trial, the circuit court tried all the
issues except the one which had been referred and on
which the referee had reported. That issue was taken
as concluded by the reference, according to the ruling
of the Supreme Court. A finding of facts was requested
and, besides findings not necessary to be stated, the
court found that Kemery failed to comply with his
bond, and because of his failure Tinsley was compelled
to pay out $343.71 more than the contract price, which
sum was agreed to be due the plaintiff by Kemery be-
fore the institution of this action. The other issues were
found against Kemery and judgment was given against
him for said sum of $343.71. Judgment was given for
the other defendants, the court holding that the breach
of his bond had been discharged by Tinsley's violation
of the proviso in the contract in respect to paying for
the work as it progressed.

Tinsley appealed and contends he was entitled to
judgment against the other defendants. Kemery ap-
pealed, too, contending that the judgment against him
was unwarranted.

The proposition urged in behalf of Kemery is that
if the court found Tinsley had violated his contract
there could be no recovery on the bond made to secure
the contract. The finding of the court was that Tinsley
had complied with his contract in every respect except
in paying Kemery in installments other than those pro-
vided for in the contract. This was done at Kemery's
own request and he accepted the payments. Moreover,

Tinsley paid several hundred dollars more than Kemery earned because the latter failed to comply on his part. This was acknowledged by Kemery and a settlement made between him and the plaintiff by which a certain sum was conceded to be due plaintiff. There is no defense for Kemery.

The liability of the other defendants hinges on the second clause of the contract quoted above in regard to how Kemery should be paid for the construction of the house as the work progressed. The building contract appears to have been a printed form filled out. The second clause was drawn so as to provide for five different payments on the contract price at different stages of the work; but the amount of four of the payments was left blank. There was a call for the payment of blank dollars when the first floor joists were in place, and for three other payments at different stages of the work. These paragraphs stipulated no sums to be paid at the stated times, and the argument for the plaintiff is that the contract should be treated as silent in regard to when the work should be paid for—as having no provision on that subject, and that hence there was no violation by Tinsley of a stipulation in respect to the times of payment. The objection to this argument is that the provision for the fifth payment is filled out and complete. Now if we concede to the plaintiff that the number of the installments in which the contract price was paid was immaterial in view of the failure to stipulate the amounts of the several installments, it can not be conceded that it was immaterial when full and final payment was made without abrogating the fifth paragraph of the second clause of the contract, which is as much a part of the instrument as any other paragraph. It stipulated for final payment on the completion of the building and when receipts for all labor and material had been furnished. Tinsley did not observe this stipulation, but overpaid Kemery, the contractor, before the building was finished or receipts for labor and material

furnished. The consequence of disregarding the contract in this respect was that Tinsley had to pay $343.71 for labor and material to outside parties, and that is the very loss he is suing the bondsmen for. It is manifest that the sureties on the bond would have had no liability on that account if Tinsley had refused to pay Kemery until the work was done and receipts were exhibited for all labor and material. The court rightly found that to give judgment against the other defendants on the bond would be to allow Tinsley to recover on a liability which, by his own breach of the contract, he had imposed on them. [Evans v. Graden, 125 Mo. 72, 28 S. W. 439.]

The judgment is affirmed. All concur.